**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

UNITED STATES OF AMERICA,     )
                                       )
           Plaintiff,           )
                                       )
          vs.                  )     Case No. 09-04003-07-CR-C-NKL
                                       )
DAJUAN ANTHONY HARRIS,     )
                                       )
          Defendant.      )

**ORDER**

On April 8, 2010, Dajuan Anthony Harris ("Petitioner") was sentenced to a total term

of 110 months' imprisonment followed by three years of supervised release for use of a

communication device in furtherance of a drug trafficking conspiracy (Count Twenty-Seven),

and felon in possession of a firearm (Count Thirty-Six). [Doc. # 582]. He received a term

of 48 months on County Twenty-Seven and 110 months on Count Thirty-Six, to be served

concurrently. Pending before the Court is Petitioner's pro se Motion Pursuant to Title 18

U.S.C. sec. 3582(a), (b) & (c) for Modification of Sentence Due to Change in Guidelines

[Doc. # 676]. The Sentencing Guideline amendments Petitioner appears to refer to are those

based upon the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3,

2010) ("Act"). Petitioner appears to argue that because his original criminal action is still

on direct review, amendments by the Act to the sentencing guidelines apply to his case. In

particular, Petitioner argues that the adjustments to base offense levels for cocaine base

convictions would affect the sentence he received for both counts.  For the following reasons, the Court DENIES the motion.

A court may modify a sentence subsequent to sentencing only in three limited circumstances.  18 U.S.C. § 3582 (2006).  The first circumstance requires a motion of the Director of the Bureau of Prisons, which is not present here.  The second circumstance involves application of Rule 35 of the Federal Rules of Criminal Procedure or a statute expressly giving the court authority to modify a sentence.  Rule 35 is not applicable here because there was no clerical error and the government has not moved for a downward departure for substantial assistance.  Nor is there a statute which authorizes the Court to modify Petitioner's sentence because the Fair Sentencing Act is not retroactive.  The Fair Sentencing Act of 2010 contains no express statement by Congress making its terms retroactive or giving the Court authority to reconsider Petitioner's sentence.  The Eighth Circuit has expressly held that the Fair Sentencing Act of 2010 is not to be applied retroactively.  *See United States v.  Tyler Brown,* No. 10-1791, 2010 WL 3958760 (8th Cir. Oct. 12, 2010).  Therefore, the Court is not authorized to rely on the Fair Sentencing Act to modify Petitioner's sentence.

The third circumstance applies only to defendants who were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).  18 U.S.C. § 3582(c)(2).  Even if the new guidelines were applicable to Defendant, they do not reduce Petitioner's sentence.  Under the new guidelines, Petitioner would have a base offense level of 28 based on 123 grams of "crack" cocaine.  *See* § 2D1.1(c)(5)

(base offense level of 30); Application Note 10D (2-level reduction because Petitioner's offense involves both cocaine and cocaine base). After applying the same adjustments that were calculated at sentencing, Petitioner's total offense level would be 27. With a Criminal Offense Category of VI, Petitioner's sentencing range would be 130-162 months. Petitioner's current sentence is for a total term of 110 months. Thus, the Court already granted Petitioner a downward reduction at sentencing greater than the sentence to which he argues that he is now entitled.

Accordingly, it is hereby ORDERED that Petitioner Dajuan Anthony Harris's Motion for Modification of Sentence [Doc. # 676] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 12, 2011
Jefferson City, Missouri